UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RODOLFO VELASQUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTRYWIDE HOME LOANS, INC.;<br>BANK OF AMERICA, N.A.; LTD<br>FINANCIAL SERVICES, L.P.,<br><br>　　　　Defendants. | Case No:  C 11-02491 SBA<br><br>**ORDER**<br><br>Docket 53. |

　　　On May 23, 2011, pro se Plaintiff Rodolfo Velasquez ("Plaintiff") filed the instant mortgage fraud action against Defendants, asserting sixteen causes of action, including violations of the Truth in Lending Act, 15 U.S.C. § 1601, and the Real Estate Settlement Act, 12 U.S.C. § 2601.  The parties are presently before the Court on Plaintiff's "Ex Parte Motion for Preliminary Injunction, or in the Alternative for a Restraining Order to Stop Defendants from Foreclosing [on] his Property Illegally," which seeks an order pursuant to Rule 65 of the Federal Rules of Civil Procedure "restraining Defendants from further scheduling foreclosure attempts without receiving authorization from this Court."  Dkt. 50.  Also before the Court is Plaintiff's Ex Parte Application to shorten time on his "Ex Parte Motion for Preliminary Injunction, or in the Alternative for a Restraining Order to Stop Defendants from Foreclosing [on] his Property Illegally."  Dkt. 53.  Defendants Countrywide Home Loans, Inc. and Bank of America, N.A. ("Defendants") filed an opposition to Plaintiff's Ex Parte Application to shorten time, arguing that the request for an order shortening time is moot because "Defendants have continued the May 15, 2012,

trustee's sale date for at least sixty (60) days in order to give the parties the opportunity to attend a settlement conference and resolve the foreclosure issues and the claims raised in Plaintiff's Second Amended Complaint." Dkt. 54. Defendants also state that "[s]hould additional time be needed to discuss settlement of this matter, Defendants will further postpone the trustee's sale date on an as-needed basis." Id.

In light of the postponement of the trustee's sale for at least 60 days and Defendants' representation that they will "further postpone the trustee's sale date on an as-needed basis,"

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Ex Parte Application to shorten time on his "Ex Parte Motion for Preliminary Injunction, or in the Alternative for a Restraining Order to Stop Defendants from Foreclosing [on] his Property Illegally" is DENIED.

2. Within ten (10) days of the date this Order is filed, the parties shall meet and confer to determine whether the Court should schedule a hearing date for Plaintiff's "Ex Parte Motion for Preliminary Injunction, or in the Alternative for a Restraining Order to Stop Defendants from Foreclosing [on] his Property Illegally." If the parties determine that a hearing on the motion is necessary, they shall file a stipulation setting forth a proposed briefing schedule and a hearing date. If the parties determine that the motion is moot based on the postponement of the trustee's sale and Defendants' willingness to "further postpone the trustee's sale date on an as-needed basis," then Plaintiff shall file a notice of withdrawal of the motion.

3. This Order terminates Docket 53.

IT IS SO ORDERED.

Dated: 5/4/12

_____  
SAUNDRA BROWN ARMSTRONG  
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RODOLFO VELASQUEZ,

    Plaintiff,

v.

BANK OF AMERICA et al,

    Defendant.
_____/

Case Number: CV11-02491 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodolfo Velasquez
426 Idora Avenue
Vallejo, CA 94591

Dated: May 7, 2012

    Richard W. Wieking, Clerk

    By: Lisa Clark, Deputy Clerk

- 3 -