UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RODOLFO VELASQUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTRYWIDE HOME LOANS, INC.;<br>BANK OF AMERICA, N.A.; LTD<br>FINANCIAL SERVICES, L.P.,<br><br>    Defendants. | Case No: C 11-02491 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Docket 30. |

On May 23, 2011, pro se Plaintiff Rodolfo Velasquez ("Plaintiff") filed the instant mortgage fraud action alleging sixteen claims against Defendants Countrywide Home Loans, Inc., Bank of America, N.A., and LTD Financial Services, L.P. Compl., Dkt. 1. On November 16, 2011, Plaintiff filed a second amended complaint ("SAC") alleging twenty claims against Defendants. Dkt. 28. The Court has original jurisdiction, 28 U.S.C. § 1331, over Plaintiff's federal claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1682 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. The Court has supplemental jurisdiction, 28 U.S.C. § 1367, with respect to Plaintiff's state law claims.

The parties are presently before the Court on Defendants Countrywide Home Loans, Inc. and Bank of America, N.A.'s (collectively "Defendants") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and motion to strike under Rule 12(f) of

the Federal Rules of Civil Procedure. Dkt. 30, 30-1. Plaintiff opposes the motions. Dkt. 31. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss, and DENIES without prejudice Defendants' motion to strike, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. Factual Summary

Plaintiff is the owner of real property located at 58 Lobos Street, San Francisco, California, 94112 (the "Property"). Compl. ¶ 14. In February 1999, Plaintiff obtained a home loan in the amount of $150,000 from America's Wholesale Lender with respect to the Property. Defendants' Request for Judicial Notice ("Defs.' RJN"), Exh. A. The promissory note was secured by a Deed of Trust, identifying America's Wholesale Lender as the "Lender" and "Beneficiary," Countrywide Title Corporation as the "Trustee," and Plaintiff as the "Borrower." Id.

In June 2003, Plaintiff secured an equity line of credit on the Property, which was memorialized in a document entitled "Short Form Deed of Trust" and recorded on June 17, 2003. Defs.' RJN, Exh. B. This equity line of credit, provided by Bank of America, N.A. ("Bank of America"), allowed Plaintiff to obtain credit advances secured by the Property up to the amount of $50,000. Id. In March 2004, the equity line of credit was modified by a document entitled "Modification of Deed of Trust – Modification Agreement," which was recorded on March 18, 2004. Defs.' RJN, Exh. C. The modified equity line of credit, also provided by Bank of America, increased Plaintiff's line of credit to the amount of $77,000. Id.

In his SAC, Plaintiff alleges that Defendants Bank of America and LTD Financial Services, L.P ("LTD") are conducting a Trustee Sale and attempting to foreclose on his Property. SAC ¶ 14. According to Plaintiff, because he "did not allow Bank of America to steal from him three mortgage payments from September, October and November 2010,

Defendant Bank of America initiated acceleration of his existing loan, and started the wrongful act of initiating the foreclosing of his San Francisco Property." Id. ¶ 23. Plaintiff asserts that Bank of America initiated acceleration of his loan and started foreclosure proceedings prior to informing him that he owed mortgage payments for the months September 2010 to June 2011. Id. ¶¶ 24-25. Plaintiff also asserts that Bank of America accepted three mortgage payments for the months September, October and November 2010, but returned mortgage payments made by Plaintiff from December 2010 to the present without any explanation. Id. ¶¶ 26-27. According to Plaintiff, Bank of America initiated foreclosure proceedings to harass him and to steal his Property. Id. ¶ 26.[1]

### B. Procedural History

On May 23, 2011, Plaintiff filed the instant action, alleging sixteen claims in connection with a foreclosure proceeding on his residence. See Compl. A first amended complaint ("FAC") was filed on September 20, 2011. See FAC, Dkt. 16. On November 16, 2011, Plaintiff filed a SAC, which alleges twenty claims, including federal claims under the FDCPA, TILA and RESPA, as well as numerous state law claims. See SAC. Defendants filed a motion to dismiss on December 7, 2011. Dkt. 30. On December 23, 2011, Plaintiff filed an opposition. Dkt. 31. A reply was filed on January 2, 2012. Dkt. 33.

## II. DISCUSSION

### A. Judicial Notice

In connection with their motion to dismiss, Defendants filed a request for judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. Defendants request that the Court take judicial notice of the following documents: (1) Deed of Trust, recorded in the official records of the San Francisco County Assessor-Recorder's office on February 23, 1999 as document number 99-G51947-00; (2) Short Form Deed of Trust, recorded in the official records of the San Francisco County Assessor-Recorder's office on June 17, 2003

---

[1] Plaintiff also alleges that Bank of America overcharged his checking account in the amount of $80.71, sent him to collection, and charged him excessive overdraft fees. SAC ¶¶ 26, 28.

as document number 2003-H463548-00; and (3) Modification of Deed of Trust – Modification Agreement and recorded in the official records of the San Francisco County Assessor-Recorder's office on March18, 2004 as document number 2004-H678437-00. Dkt. 30-2.

A court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b). The Court grants Defendants' request for judicial notice because courts may take judicial notice of matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss); W. Fed. Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).

### B. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, the Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008). The complaint is properly dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

On a Rule 12(b)(6) motion, the Court's inquiry generally is limited to the allegations in the complaint. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-1088 (9th Cir. 2002); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a court dismisses the complaint, it should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts).

  **C.**  **Motion to Dismiss**

    **1.**  **Federal Claims**

The complaint alleges three federal claims: (1) violation of the FDCPA; (2) violation of TILA; and (3) violation of RESPA. These claims are discussed below.

      **a.**  **FDCPA Claim**

The FDCPA prohibits "debt collectors" from engaging in various unlawful debt collection practices, including the making of "false, deceptive or misleading representations." 15 U.S.C. §§ 1692a, 1692e. A "debt collector" includes any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are

1  primarily for personal, family, or household purposes, whether or not such obligation has
2  been reduced to judgment." Id. § 1692a(5).
3        Though the Ninth Circuit has not yet decided whether the FDCPA applies to a non-
4  judicial foreclosure, this Court and other district courts have previously concluded that it
5  does not. See, e.g., Aniel v. Litton Loan Serv., LP, 2011 WL 635258, at *3-4 (N.D. Cal.
6  2011) (finding that the FDCPA does not apply to non-judicial foreclosures) (Armstrong, J.);
7  Hanaway v. JPMorgan Chase Bank, 2011 WL 672559, at *4 (C.D. Cal. 2011) ("Since a
8  transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure
9  proceeding is not a debt collection action under the FDCPA."); Aniel v. T.D. Serv. Co.,
10 2010 WL 3154087, at *1 (N.D. Cal. 2010) ("allegations relating to the FDCPA claim relate
11 to foreclosure proceedings and courts throughout this circuit have concluded that
12 foreclosure does not constitute 'debt collection' under the FDCPA") (White, J.); Deissner v.
13 Mortgage Elec. Regis. Sys., 618 F.Supp.2d 1184, 1189 (D. Ariz. 2009) ("the activity of
14 foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the
15 meaning of the FDCPA."), aff'd, 2010 WL 2464899 (9th Cir. 2010) (internal quotation
16 marks omitted); Landayan v. Wash. Mutual Bank, 2009 WL 3047238, at * 3 (N.D. Cal.
17 2009) ("A claim cannot arise under FDCPA based upon the lender enforcing its security
18 interest under the subject deed of a trust because foreclosing on a mortgage does not
19 constitute an attempt to collect a debt for purposes of the FDCPA") (citing Maguire v.
20 Citicorp. Retail Svcs., Inc., 147 F.3d 232, 236 (2d Cir. 1998) and Perry v. Stewart Title Co.,
21 756 F.2d 1197, 1208 (5th Cir. 1985)) (Whyte, J.).
22       Accordingly, because Plaintiff has not stated, and based on the allegations in the
23 SAC, cannot state a viable claim under the FDCPA predicated on the foreclosure of his
24 home, Plaintiff's FDCPA claim is dismissed without leave to amend.
25              **b.    TILA Claim**
26       Plaintiff alleges a claim for rescission under TILA. Compl. ¶¶ 3, 71. Plaintiff seeks
27 to rescind loan No. 8719212, i.e., the loan he obtained in 1999, for violation of TILA and
28 Regulation Z, 12 C.F.R. § 226.23. Id. ¶¶ 2, 3, 74; see Defs.' RJN Exh. A. According to

1  Plaintiff, because Bank of America failed to comply with § 226.23, he has a continuing
2  right to rescind.  Id. ¶ 72.  Defendants argue, among other things, that dismissal of this
3  claim is appropriate because it is time-barred.
4        A claim may be dismissed because it is barred by the relevant statute of limitations
5  when the running of the statute "is apparent from the face of the complaint."  Ledesma v.
6  Jack Stewart Produce, Inc., 816 F.2d 482, 484 n. 1 (9th Cir. 1987).  TILA specifies that a
7  borrower may rescind a transaction within three days "by notifying the creditor" of its
8  request to rescind.  15 U.S.C. § 1635(a).  Section 1635(f) sets an outside time limit on the
9  right to rescind and provides that "[a]n obligor's right of rescission shall expire three years
10 after the date of consummation of the transaction or upon the sale of the property,
11 whichever occurs first . . . "  Id. § 1635(f).  TILA imposes an absolute limitation on
12 rescission actions that bars any claim filed more than three years after the consummation of
13 the transaction.  Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002).
14 Section 1635(f) is considered a "statute of repose" which deprives courts of subject matter
15 jurisdiction when a § 1635 claim is brought outside the three-year limitation period.  Id.
16       Here, the loan transaction at issue was consummated in February 1999.  Plaintiff,
17 however, did not commence the instant action until May 2011.  Accordingly, because
18 Plaintiff did not attempt to rescind the loan transaction within the three-year limitations
19 period, his right to rescind expired, and this Court lacks jurisdiction over his TILA claim.
20 Because no amendment can cure this deficiency, Plaintiff's TILA claim for rescission is
21 DISMISSED without leave to amend.
22                  **c.    RESPA Claim**
23       Plaintiff alleges that Defendants "gave . . . and/or accepted a fee, kickback, or thing
24 of value" in violation of RESPA.  SAC ¶ 76.  Defendants argue, among other things, that
25 dismissal of this claim is appropriate because it is time-barred.
26       12 U.S.C. § 2607 pertains to illegal fees, kickbacks, and real estate settlement
27 service charges.  See 12 U.S.C. § 2607(a), (b).  The statute of limitations for bringing a
28

1  RESPA claim is one year from the occurrence of the violation for claims arising under §
2  2607. See 12 U.S.C. § 2614.
3   "The primary ill that § 2607 is designed to remedy is the potential for unnecessarily
4  high settlement charges, . . . caused by kickbacks, fee-splitting, and other practices that
5  suppress price competition for settlement services. This ill occurs, if at all, when the
6  plaintiff pays for the tainted service, typically at the closing." Jensen v. Quality Loan Serv.
7  Corp., 702 F.Supp.2d 1183, 1195 (E.D. Cal. 2010) (quoting Snow v. First Am. Title Ins.
8  Co., 332 F.3d 356, 359-360 (5th Cir. 2003)). Courts consider "the occurrence of the
9  violation" as the date the loan closed. See Jensen, 702 F.Supp.2d at 1195; Finley v. LaSalle
10 Bank Nat'l Ass'n, WL 3401453, at *2 n. 3 (N.D. Cal. 2009).
11  As noted above, the loan in this case closed in February 1999, but Plaintiff did not
12 file the instant action until May 2011, well beyond RESPA's one-year statute of limitations.
13 Thus, Plaintiff's RESPA claim is time-barred absent equitable tolling. Equitable tolling
14 may be applied if, "despite all due diligence, a plaintiff is unable to obtain vital information
15 bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178
16 (9th Cir. 2000). The doctrine of equitable tolling focuses on excusable delay by the
17 plaintiff. Id. "If a reasonable plaintiff would not have known of the existence of a possible
18 claim within the limitations period, then equitable tolling will serve to extend the statute of
19 limitations for filing suit until the plaintiff can gather what information he needs." Id. The
20 doctrine, however, does not "postpone the statute of limitations until the existence of a
21 claim is a virtual certainty." Id.
22  Although the SAC does not allege circumstances warranting equitable tolling, leave
23 to amend is granted to give Plaintiff an opportunity to allege facts demonstrating that
24 equitable tolling is appropriate with respect to his RESPA claim. Accordingly, Plaintiff's
25 RESPA claim is DISMISSED with leave to amend.
26   **D. Dismissal of Federal Claims as to Non-Moving Defendant**
27  Although LTD did not join Defendants' motion to dismiss or file a separate motion
28 to dismiss, Plaintiff's FDCPA, TILA, and RESPA claims against LTD are DISMISSED

because LTD is in a position similar to that of Defendants, and because the conclusions above apply with equal force to LTD. A court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of the Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981); see also Abaghinin v. Amvac Chem. Corp., 545 F.3d 733, 742-743 (9th Cir. 2008).

### E. Remaining State Law Claims

Federal courts are courts of limited jurisdiction. They have original jurisdiction over claims raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Here, the Court's jurisdiction is based on federal question jurisdiction. See SAC ¶ 9. In addition to the FDCPA, TILA, and RESPA claims, Plaintiff has alleged numerous state law claims. Unlike Plaintiff's FDCPA, TILA, and RESPA claims, the Court does not have original jurisdiction over these claims. Rather, the Court has supplemental jurisdiction over Plaintiff's state law claims. Because it is unclear whether Plaintiff can state a cognizable federal claim by amending the SAC to allege facts demonstrating that equitable tolling is appropriate with respect to his RESPA claim, the Court will not engage at this time in an analysis of whether Plaintiff has pled cognizable state law claims.

The Court advises Plaintiff that if he does not amend the SAC within the time period specified below or is unable to amend the SAC to state a cognizable federal claim, the Court will dismiss his RESPA claim with prejudice and decline to exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3); see Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (a court may sua sponte exercise its discretion and dismiss state law claims under 28 U.S.C. § 1367(c)); see also Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988) ("When the

single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction.").

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. Defendants' motion to dismiss is GRANTED with respect to Plaintiff's FDCPA, TILA, and RESPA claims as to all Defendants. Plaintiff's RESPA claim is DISMISSED without prejudice. Plaintiff is granted leave to amend to allege facts demonstrating that equitable tolling is appropriate with respect to this claim. Plaintiff's FDCPA claim and TILA claim for rescission are DISMISSED with prejudice. Defendants' motion is DENIED in all other respects without prejudice.

2. Plaintiff shall have twenty-one (21) days from the date this Order is filed to file a third amended complaint consistent with this Order. Plaintiff is advised that any additional factual allegations set forth in the third amended complaint must be made in good faith and consistent with Rule 11 of the Federal Rules of Civil Procedure. Plaintiff is warned that the failure to file a third amended complaint by the deadline will result in the dismissal of his RESPA claim with prejudice and the dismissal of the remaining state law claims without prejudice to the filing of these claims in a state court action. The third amended complaint shall not allege any additional claims without prior Court approval.

3. In light of the disposition of the motion to dismiss, Defendants' motion to strike is DENIED without prejudice.

4. This Order terminates Docket 30 and Docket 40.

IT IS SO ORDERED.

Dated: 6/15/12

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RODOLFO VELASQUEZ,

       Plaintiff,

v.

BANK OF AMERICA et al,

       Defendant.
_____/

Case Number: CV11-02491 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodolfo Velasquez
426 Idora Avenue
Vallejo, CA 94591

Dated: June 21, 2012

                                Richard W. Wieking, Clerk
                                By: Lisa Clark, Deputy Clerk